EARN LINE S. S. CO. v. ENNIS.

(Circuit Court of Appeals, Third Circuit. December 2, 1908.)

No. 250.

ADMIRALTY (§ 118*)—APPEAL—REVIEW—FINDINGS OF FACT.

The time when a vessel was ready to load or discharge cargo, and consequently when the lay days commenced under a charter party, is a question of fact, and the finding of the trial court thereon, based on conflicting evidence, will not be disturbed by an appellate court, unless clearly erroneous.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 770; Dec. Dig. § 118.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 157 Fed. 941.

Henry R. Edmunds, for appellant.

Ira J. Williams, for appellee.

Before GRAY, Circuit Judge, and BRADFORD and LANNING, District Judges.

GRAY, Circuit Judge. This was a libel by the appellant, chartered owner of the steamship Dania, to recover from the appellee, charterer thereof, a balance of freight alleged to have been improperly withheld from the chartered owner. According to the charter party, the vessel was to proceed to Santiago, Cuba, and there load a cargo of ore. By one of its provisions, the charterer had the option of loading and discharging the vessel. Amongst its other provisions, were the following:

"The cargo to be loaded at the rate of 250 tons and discharged at the rate of 250 tons, per running day of 24 hours (Sunday and holidays excepted), and charterers to have the liberty to load and discharge on Sundays and holidays, such time not to count as lay days. * * *

"Dispatch money at the rate of fifteen pounds per day of 24 hours, to be paid by the steamer for any time saved in loading and discharging. * * *

"Lay days to commence at 12 o'clock noon after steamer is entered at the custom house (Sundays and holidays excepted), and is in every respect ready to load and discharge, respectively, and in free pratique," etc.

There is no dispute as to the amount of freight earned by the vessel under the charter party. The only question was, whether, under the facts of the case, the dispatch money charged by the charterer and deducted from the freight was earned by him under the charter party. The court below disallowed the claim of libelant for deduction of $72.04, from freight for 23¾ hours dispatch in loading at Santiago, and also for deduction of $102.35 for 33¾ hours alleged dispatch in unloading at Hoboken, less the sum of $30.52 for an excess of deduction at the latter place. The libelant has appealed from this decree, and makes the following assignments of error:

"1. The learned judge of the District Court erred in finding as a fact (that the steamer was) not ready to load at Santiago until after 12 o'clock of June 11, 1902.

"2. The learned judge also erred in deciding that lay days did not commence at Santiago until 12 o'clock of June 12, 1902.

"3. The learned judge also erred in deciding that the retention 'by respondent of the sum of $72.04 as dispatch money at Santiago for time saved in loading was properly deducted from the freight due by the respondent.

"4. The learned judge also erred in finding that the ship (the Dania) was not in free pratique and ready to discharge her cargo at the port of New York until after 12 o'clock noon of the 20th day of June, 1902.

"5. The learned judge also erred in deciding that lay days did not commence at New York until 12 o'clock noon on Monday, June 22, 1902; and that the retention by respondent of the dispatch money at the rate of fifteen pounds per day was properly deducted for seventeen days and four hours."

The first assignment of error relates only to a finding of fact by the court below. There was conflicting evidence as to the question of fact involved. In such case, unless there was a clear and manifest error in the finding of the court, the reviewing court will not disturb the same. Pursuant to this well settled practice, this court does not feel that the first assignment of error should be allowed.

The second assignment of error, of course, as also the third, falls with the first.

The fourth assignment of error is amenable to the criticism which we have made as to the first assignment.

As to the fifth assignment, it is only necessary to say that, the court having found as a fact that the ship was not in free pratique and ready to discharge her cargo at the port of New York until after 12 o'clock, noon, of Saturday the 20th day of June, 1902, the question raised as to whether Saturday afternoons were holidays in the port of New York, or at Hoboken, within the meaning of the exception of such days in the charter party, cannot arise. This assignment, therefore, is disallowed.

The decree of the court below is hereby affirmed.